UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.  Case No. 8:22-mj-1344-AAS

**STEVEN MILES**

_____/

**ORDER**

Defendant Steven Mills requests, under Fed. R. Crim. P. 41(g), that the court order the United States to return property lawfully seized from him. (Doc. 12). Specifically, the defendant requests the return of several articles of clothing, a backpack, and two electronic devises.[1] (*Id.*, p. 2). The United States opposes the defendant's motion only as to the return of the defendant's two electronic devises. (Doc. 14).

Rule 41(g) provides "[a] person aggrieved . . . by the deprivation of property may move for the property's return." Fed. R. Crim P. 41(g). "Where, as here, the movant 'invokes Rule 41(g) after the close of all criminal proceedings, the court treats the motion for return of property as a civil action in equity.'" *United States v. Melquiades*, 394 F. App'x 578, 580 (11th Cir. 2010)

---

[1] The defendant requests the return of these seized items: (1) One tan camouflage jacket; (2) One pair of camouflage pants woodland style; (3) One pair of boots tanker style; (4) One shirt which says "Trump f**k your feelings;" (5) One camelback backpack; (6) One black and gold polo shirt (7); One Samsung phone; and (8) One Samsung tablet. (Doc. 12, p. 2).

1

(quoting *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005)). The analysis under Rule 41(g) is a multi-step inquiry. First, the movant must make a threshold showing he has a right to the property. *Id.* (citing *Howell*, 425 F.3d at 974). Second, the government "may rebut the movant's allegations with evidence that 'it has a legitimate reason to retain the property,' that it does not possess the property, or that the property has been destroyed." *Id.* (citing *United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001)).

The United States concedes the defendant has a possessory interest in the items seized, including the two electronic devises. (Doc. 14, p. 3). However, the United States argues it "has a legitimate reason" to retain the defendant's electronic devices. *Potes Ramirez*, 260 F.3d at 1314. The United States does not oppose the return of the other seized items and the court sees no legitimate reason to retain the defendant's clothing and backpack.

Although the defendant's criminal case is resolved, the United States continues to investigate and prosecute cases related the January 6 events at the U.S. Capitol. (Doc. 14, p. 3). Given the ongoing investigation of the January 6 events, the United States may discover new connections between defendants and these two items of evidence. New discoveries in one defendant's case may generate relevance or probable cause to search in another's case. Thus, the United States has a legitimate reason to retain the two seized electronic

2

devices (one Samsung phone and one Samsung tablet) as evidence in a potential criminal prosecution.

Accordingly, it is **ORDERED** that the defendant's motion for return of property (Doc. 12) is **GRANTED-IN-PART AND DENIED-IN-PART**. The motion is granted as the defendant's request for the return of the seized clothing and backpack. The motion is denied as to the defendant's request for the return of the two seized electronic devices. The denial of the motion is without prejudice and so the defendant may make this request again at an appropriate time in the future.

**ENTERED** in Tampa, Florida on April 18, 2024.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge